[Cite as *State v. Ackerson*, 2013-Ohio-4020.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2012CA00228 |
| MICHAEL YOUNG ACKERSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2012CR1162

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      September 16, 2013

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOHN D. FERRERO,                        AARON KOVALCHIK
PROSECUTING ATTORNEY,                   116 Cleveland Ave NW
STARK COUNTY, OHIO                      Suite 808
                                        Canton, Ohio 44702
BY: RENEE M. WATSON
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1} Defendant-appellant Michael Young Ackerson appeals his conviction for possession of marijuana entered by the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 28, 2012, Ohio State Highway Patrol Trooper Shaun Mollohan and Lieutenant Les Marino of the Canton Police Department noticed a black Ford F150 with a yellow motorcycle on the back of the truck, which appeared to be exceeding the posted speed limit. Trooper Mollohan observed the truck make an improper lane change within an intersection and then proceed to drive on a closed roadway.

{¶3} The officers initiated a traffic stop, asking Appellant for proof of ownership of the motorcycle. Appellant responded he did not have proof of ownership of the motorcycle, as he had recently purchased the motorcycle and title was to be mailed to him. Trooper Mollohan stated he wished to run the motorcycle's registration and VIN number through the appropriate databases. He asked Appellant if he could search the vehicle, and Appellant declined while using his key fob to lock the truck.

{¶4} Trooper Mollohan requested Lieutenant Marino provide K-9 assistance. The K-9 subsequently alerted on the truck, where two suitcases were found in the cab containing bales of marijuana weighing 50 lbs.

{¶5} Subsequently, Appellant was cited with driving on the left side of the roadway. Appellant was also charged with one count of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(f), a felony of the second degree.

**{¶6}** On October 12, 2012, Appellant filed a motion to suppress. On October 17, 2012, the trial court conducted a hearing on Appellant's motion. The trial court made the following findings on the record during the hearing:

**{¶7}** "The Court: It's sometimes hard for individuals to understand the status of the law right now and the fact is that once a law enforcement officer latches on to you in terms of wanting to check you out, they can. Whether it's a change of lane, not a complete stop at a stop sign, rolling through it, 36 in a 35, whatever they can articulate, some traffic problem, even though it's a pretext to stop you, the courts have said that's okay.

**{¶8}** "And that's what we have here. He's admitted they were going to get you one way or the other to stop and they did. And the stop therefore was legal.

**{¶9}** "Now we get to the point of the situation where oftentimes while they are checking out the registration and for outstanding warrants they may or may not have the driver step out. Once he steps out officer safety kicks in as a routine matter if they are going to put somebody into their vehicle. But once they stop they - - at that point in time they didn't need probable cause for the dog. That was first there to do it, but they chose not to use him at that time and delayed using him, which makes the case a little stickier, if you will. They have some questions with regard to the motor bike that's being transported. Whether or not one is required to have registration for that if it's being transported, they nevertheless had issues with regard to just verifying that.

**{¶10}** "And what occurs here is that they are going to check that out. Now, they are entitled to have a reasonable period of time to in essence check things out and what this officer has is with his albeit limited experienced as a trooper, has done enough that

he differentiated the typical nervousness of a stopped traveler from your situation and that raised his concern a little bit.

{¶11} "But what really got him going is the fact that you weren't about to let him enter that vehicle.  That raised further concerns and that added with checking out this motorbike's registration.  And the limited period of time which totalled [sic] 15 minutes, maybe ten minutes from the time that the registration for the driver had been found to be valid, no outstanding warrants, was not an unreasonable period of time for that stop to take place and the dog to arrive, the dog to - - which is not a search, but is allowed to go around for the dog to hit which gives the probable cause to search the vehicle and for those things that are in it that could be giving forth the basis for the hit by the K9 unit.

{¶12} "For those reasons, the Court finds that the Defendant's constitutional rights were not violated, that the stop was proper, that the further search of the vehicle which was occasioned by the probable cause which came from the dog hitting on the contraband and that this took place within a reasonable period of time from the initial stop in checking the license registration and further to make sure there was no [sic] a stolen motorbike on the truck the motion to suppress is overruled."

{¶13} Tr. at 36-39.

{¶14} Via Judgment Entry of October 18, 2012, the trial court overruled Appellant's motion to suppress, incorporating its findings of fact stated on the record at the suppression hearing.

{¶15} On October 31, 2012, Appellant entered a plea of no contest, was found guilty and sentenced accordingly.  The trial court stayed sentencing pending this appeal.

{¶16} Appellant now assigns as error:

{¶17} "I. APPELLANT'S CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 14 OF THE OHIO CONSTITUION [SIC] WERE VIOALTED [SIC] WHEN THE TRIAL COURT FOUND HIS VEHCILE [SIC] WAS LEGALLY STOPPED.

{¶18} "II. APPELLANT'S CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 14 OF THE OHIO CONSTITUION [SIC] WERE VIOALTED [SIC] WHEN THE TRIAL COURT OVERRULED THE MOTION THE SUPPRESS."

I. and II.

{¶19} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶20} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154–155, 2003–Ohio–5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap,* 73 Ohio St.3d 308,314, 1995–Ohio–243, 652 N.E.2d 988; *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist.1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law

whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist 1997); See, generally, *United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review *Ornelas,* supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas,* supra at 698, 116 S.Ct. at 1663.

{¶21} A traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has a reasonable, articulable suspicion a traffic or equipment violation has occurred or is occurring. *City of Dayton v. Erickson,* (1996), 76 Ohio St.3d 3. It is irrelevant the officer may have had other subjective motives for stopping the vehicle. Id.

{¶22} While Crim.R. 12(F) states the court shall state its essential factual findings on the record, Appellant did not request the trial court make any additional findings of fact. As set forth in the Statement of the Facts and Case, supra, the trial court found the stop was pretextual. We agree. We also agree with Appellant the citation for an improper lane change on a one-way street is insufficient to justify the stop. However, the record also contains evidence Appellant was travelling above the posted speed limit, traveled onto a closed roadway, and may have made an improper turn in an intersection.[1] As such, the record contains evidence which sufficiently

---

[1] We are uncertain whether this alleged violation is separate from the improper lane change citation.

establishes a reasonable suspicion of a traffic violation justifying the stop herein; supporting the trial court's conclusion the stop was legal.

{¶23} Appellant further maintains the length of detention during the investigatory stop was longer than necessary. We disagree. When a motorist is lawfully detained pursuant to a traffic stop, and when the purpose of the stop has yet to be fulfilled, the Fourth Amendment is not violated when the officer employs a trained narcotics canine to sniff the vehicle for drugs. *State v. Jefferson*, 5th App. No. 11CAA040033, 2012-Ohio-148. A trial court evaluates the stop in light of the totality of the circumstances, looking as to whether the officer conducted the investigation diligently and within a reasonable length of time. Id.

{¶24} Here, the entire encounter occurred in 15 minutes. The stop did not take longer than necessary and the K9 did alert on the truck. The officers ran the VIN of the motorcycle through LEADS and NCIC to verify ownership. Therefore, we find the length of time was not unreasonable, as concluded by the trial court.

{¶25} For the reasons set forth above, Appellant's conviction in the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
    Plaintiff-Appellee              :
                                        :
-vs-                                    :           JUDGMENT ENTRY
                                        :
MICHAEL YOUNG ACKERSON                  :
                                        :
    Defendant-Appellant             :           Case No. 2012CA00228


For the reasons stated in our accompanying Opinion, Appellant's conviction in the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY